UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
MANDEL MARTIN,                   : CIVIL NO: 3:11-CV-01556
                                 :
          Plaintiff              :
                                 : (Judge Kosik)
     v.                          :
                                 : (Magistrate Judge Smyser)
UNITED STATES, et al.,           :
                                 :
          Defendants             :
```

**REPORT AND RECOMMENDATION**

The plaintiff, a federal prisoner, was stabbed by another prisoner. He claims that the defendants violated his rights by placing him in a recreation cage with the other prisoner under circumstances that exposed him to danger. The complaint fails to state a claim upon which relief may be granted. We granted the plaintiff leave to file an amended complaint, but he failed to do so. Thus, we recommend that the complaint be dismissed and that the case file be closed.

I. Background and Procedural History.

The plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a complaint. He also filed an application for leave to proceed *in forma pauperis.*

The complaint does not clearly identify the defendants. In the caption of the complaint, the plaintiff names the United States as the defendant in this case. In the body of the complaint, however, the plaintiff lists as defendants Harley Lappin, the former Director the Bureau of Prisons (BOP); Joe Norwood, the Regional Director of the Northeast Region of the BOP; Warden Bledsoe, the Warden of the United States Penitentiary at Lewisburg (USP-Lewisburg); and Officer Reed, an officer at USP-Lewisburg. In the relief section of the complaint, the plaintiff seeks to hold the BOP liable.

The plaintiff alleges that Officer Reed placed him in a recreation cage with four other inmates. The plaintiff was handcuffed. One of the other inmates, who was not handcuffed, stabbed the plaintiff in the head and neck. As a result, the plaintiff has permanent nerve damage on the right side of his body and he cannot open his right hand. He also is in pain everyday.

The plaintiff alleges that defendant Lappin was in charge of the BOP and was supposed to make sure that all prisons were run safely. But, according to the plaintiff, he

2

failed to make sure the recreation cage at USP-Lewisburg was safe.  The plaintiff alleges that defendant Norwood took defendant Lappin's place when he retired and that defendant Norwood is now the director of the BOP.  The plaintiff alleges that defendant Bledsoe is responsible for running USP-Lewisburg and that he did not make sure that there was a separate safety cage, within the recreation cage, in which to remove an inmate's handcuffs.  The plaintiff alleges that defendant Reed put him in the recreation cage with the inmate who stabbed him.

     The plaintiff is seeking monetary damages and injunctive relief.

     By an Order dated September 16, 2011, we granted the plaintiff's application to proceed *in forma pauperis*.  We also reviewed the complaint and determined that it fails to state a claim upon which relief may be granted.  We granted the plaintiff leave to file, on or before October 17, 2011, an amended complaint.  The plaintiff has not filed an amended complaint.  Nor has he requested an extension of time to do so.

3

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

4

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  The factual detail necessary to satisfy the standard will vary depending on the case. *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

5

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

A. Federal Tort Claims Act.

Since the plaintiff lists the United States as a defendant in the caption of the complaint, it is possible that he is seeking to raise a claim under the Federal Tort Claims Act (FTCA).

"The FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort and,

6

with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Sosa v. Alvarez-Machain,* 542 U.S. 692, 700 (2004)(quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)). Federal district courts have jurisdiction over civil actions against the United States for damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstance where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

Before commencing an action under the FTCA, a claimant must have first presented the claim, in writing and within two years after its accrual, to the appropriate federal agency and the claim must have been denied. *See* 28 U.S.C. §§ 2401(b), 2675(a). The claim must be for a sum certain. 28 U.S.C. §2675(b). *See also White-Squire v. United States Postal Service,* 592 F.3d 453, 457-458 (3d Cir. 2010). "Because the requirements of presentation and a demand for a sum certain are

7

among the terms defining the United States' consent to be sued, they are jurisdictional." *Id.* at 457.

The plaintiff has not alleged that he presented an administrative tort claim to the Bureau of Prisons for a sum certain and that the administrative claim has been denied. Thus, the plaintiff has not alleged facts showing that the court has jurisdiction over any FTCA claim.

    B.   Bivens Claims.

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights. "A *Bivens* action, which is the federal equivalent of the [42 U.S.C.] § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris Inc.,* 250 F.3d 789, 800 (3d Cir. 2001).

8

Construed liberally, the complaint may be construed to raise Eighth Amendment failure-to-protect claims against the defendants.

Prison officials have a duty to protect prisoners from violence at the hands of others. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). Prison officials and employees may be liable for failing to protect an inmate from the use of excessive force if they are deliberately indifferent to a substantial risk of serious harm to the inmate. *Id*. at 834. To plead a viable Eighth Amendment failure to protect claim, a plaintiff must plead facts raising a reasonable inference of (1) a substantial risk of serious harm, (2) the defendant's deliberate indifference to that risk, and (3) causation. *See Hamilton v. Leavy,* 117 F.3d 742, 747 (3d Cir. 1997).

1. United States and the BOP.

The plaintiff may not proceed with a *Bivens* claim against either the United States or the BOP.

9

"Absent a waiver, sovereign immunity shields the federal government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Neither the United States nor its agencies have waived sovereign immunity for constitutional claims." 282 Fed.Appx. 973, 976-77 (3d Cir. 2008). A *Bivens* action can be brought only against individual officials and not against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994).

Because of sovereign immunity and because a *Bivens* action can be brought only against individual officers, the plaintiff may not proceed with a *Bivens* claim against either the United States or the BOP.

      2.   Defendants Lappin, Norwood, and Bledsoe.

The plaintiff is impermissibly seeking to hold defendants Lappin, Norwood, and Bledsoe liable on the basis of *respondeat superior.*

10

Liability in a *Bivens* action may not be based on *respondeat superior*. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009). "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, *supra,* 129 S.Ct. at 1948. "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 1949.

There are two viable theories of supervisory liability. *Santiago*, *supra,* 629 F.3d at 129 n.5. Under the first theory, a supervisor can be liable if he or she established and maintained a policy, practice, or custom which directly caused the constitutional harm. *Id.* Under the second theory, a supervisor can be liable if he or she participated in violating the plaintiff's rights, directed others to violate the

11

plaintiff's rights or as the person in charge had knowledge of and acquiesced in his or her subordinates' violations of the plaintiff's rights. *Id.*

The plaintiff has not alleged that defendants Lappin, Norwood, and Bledsoe were personally involved in placing him in the recreation cage, that they established a policy, practice, or custom which directly caused his harm, or that they had knowledge of and acquiesced in a violation of his rights. Accordingly, the complaint fails to state a claim upon which relief may be granted against defendants Lappin, Norwood, and Bledsoe.

        3. Defendant Reed.

The plaintiff alleges that defendant Reed put him in the recreation cage with the other inmate. But he has not alleged facts from which it can reasonably be inferred that defendant Reed knew that doing so placed the plaintiff in substantial risk of serious harm. Thus, he has failed to allege that defendant Reed was deliberately indifferent to a

12

substantial risk of serious harm. So the complaint fails to state a claim upon which relief may be granted against defendant Reed.

    C. Leave to Amend.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). We granted the plaintiff leave to file an amended complaint, but he failed to do so.

13

IV. Recommendations.

Based on the foregoing, it is recommended that the complaint be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: November 9, 2011.